12-2957-cv
*GMA Accessories, Inc. v. Electric Wonderland, Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

---

GMA ACCESSORIES, INC.,

> *Plaintiff-Counter-Defendant-Appellant*,

> v.

ELECTRIC WONDERLAND, INC.,

> *Defendant-Appellee,*

No. 12-2957-cv

SAKS FIFTH AVENUE, INC., WINK NYC, INC., INTERMIX, INC., JONATHAN SINGER, LISA KLINE, INC., EMINENT INC., GOSI ENTERPRISES, LTD., LEWIS TIERNEY, TIERNEY DIRECT LLC.,

> *Defendants-Counter-Claimants,*

1

BOP LLC., GIRLSHOP INC., JONATHAN SOLNICKI,
BELMONDO, SHOWROOM SEVEN INT'L, SHOWROOM
SEVEN, CHARLOTTE SOLNICKI, SHOWROOM SEVEN
STUDIOS, INC.

      *Defendants,*

CHARLOTTE B, LLC, CHARLOTTE B,

      *Intervenor-Defendant.*

_____

**FOR PLAINTIFF-COUNTER-DEFENDANT
-APPELLANT:**

                  JOHN PETER BOSTANY, The Bostany
                  Law Firm PLLC, New York, NY.

**FOR DEFENDANT-APPELLEE:**

                  JEFFERY SONNABEND,
                  SonnabendLaw, Brooklyn, NY.

     Appeal from multiple decisions of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

     GMA Accessories, Inc. ("GMA") appeals numerous decisions of the District Court in this action, including, *inter alia*: (1) a June 20, 2012 Order denying GMA's Rule 59 motion; (2) a judgment dated April 13, 2012; (3) a February 3, 2012 bench order granting judgment as a matter of law to Electric Wonderland, Inc. ("EW") on the claim of direct infringement; and (4) a February 8, 2011 Order which, in relevant part, denied summary judgment to GMA on liability and denied summary judgment to EW on a damages issue. We assume the parties' familiarity with the underlying facts and procedural history of this case, which we restate only insofar as is necessary for this appeal.

## BACKGROUND

     Appellant GMA owns the trademark for the mark "CHARLOTTE" for clothing and other apparel and accessories. Appellee EW, which sometimes has done business as Showroom Seven International, is a corporation that supplies showroom services to the fashion industry, which means displaying manufacturers' clothing and fashion accessories to prospective wholesale purchasers. It earns commissions on sales that it brokers between manufacturers and wholesale purchasers.

From May 2003 until late 2007, EW provided its services to a company called Charlotte B or Charlotte Solnicki, and EW had in its showroom clothing bearing the label "Charlotte Solnicki." GMA filed several complaints against various defendants alleging trademark infringement, and the fourth, filed on April 2, 2008, named EW as a defendant. EW did not answer the complaint, and on April 30, 2008, the Clerk of Court issued a certificate of default against EW. EW moved to vacate the default, and the District Court granted the motion on August 25, 2009.

After discovery was concluded, the parties cross-moved for summary judgment. GMA moved for, *inter alia*, judgment as to EW's direct and contributory liability for trademark infringement. EW moved, in relevant part, for judgment on damages, arguing that the Lanham Act requires a showing of "actual confusion" or bad faith in order for damages to be awarded, and GMA had not shown either as a matter of law. The District Court's Order of February 8, 2011 denied summary judgment on all of these issues.

With regard to GMA's arguments on summary judgment, the District Court first addressed direct liability, noting that "it is well settled that a retailer's *direct sale* of an infringing product is sufficient to create liability," but declining to extend that concept to EW's activities on summary judgment. A735 (emphasis supplied). The Court then addressed contributory liability, holding that there was a dispute of material fact precluding summary judgment.

Eleven months later, EW filed a motion *in limine* to preclude GMA "from offering any evidence, testimony, or argument that [EW] directly infringed GMA's mark." A774. On February 3, 2012, the District Court held a hearing on the motion. The District Judge asked if GMA agreed that there was no question of fact regarding whether EW had met any of the traditional indicia of "seller," and GMA conceded that they did not. SPA34-35. The Judge then asked if GMA had other evidence suggesting EW was a "seller," and GMA pointed to evidence that EW "took in revenue, wrote orders, met with customers, showed them merchandise labels as Charlotte Solnicki, made a sale, wrote out an order, . . . giving them the order, getting paid," which GMA argued should all be presented to a jury. SPA35.

Ruling from the bench, Judge Castel disagreed, stating that the lack of evidence regarding the indicia of "seller" that he had identified in the February 8, 2011 summary judgment order "forecloses a claim of direct trademark infringement because the mark was not used in commerce within the meaning of" 15 U.S.C. § 1127, and he granted judgment as a matter of law to EW on the direct infringement claim. SPA36.

A trial was held before a jury on contributory infringement, and the jury returned a verdict for EW. In response to the question on the verdict form, "Do you find that a third party infringed plaintiff's 'CHARLOTTE' mark?," the jury responded "no." A841.

## DISCUSSION

GMA argues on appeal that the District Court erred in granting EW's motion *in limine*, holding that there was no direct infringement by EW as a matter of law, and precluding GMA from

3

presenting evidence of direct infringement at trial. We review a District Court's grant of judgment as a matter of law *de novo*. *See Phillips v. Bowen*, 278 F.3d 103, 108 (2d Cir. 2002).

EW argues that GMA's claim is "moot" because of the jury's finding, reflected on the special verdict form, that no third party infringed the trademark. EW's argument is that that the jury response "no" to the question, "Do you find that a third party infringed plaintiff's 'CHARLOTTE' mark?," A841, precludes a finding of direct infringement by EW because the jury must have found that the accused mark does not infringe GMA's mark.

Upon an examination of the record, we conclude, based on the particular circumstances presented here, that the jury's finding that no third party infringed the mark precludes GMA's argument that it should have been permitted to present evidence that EW directly infringed the mark.[1]

## CONCLUSION

We have considered all of GMA's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the District Court's various orders including the (1) June 20, 2012 Order; (2) April 13, 2012 judgment; (3) February 3, 2012 bench order; and (4) February 8, 2011 Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We thus need not reach GMA's multiple additional arguments regarding direct liability and damages.